UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Debbie Denise Dodd. ) | Civil Action No.: 6:17-cv-683-AMQ |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |

This is a Social Security appeal brought pursuant to 42 U.S.C. §§ 405(g) in which Plaintiff Debbie Denise Dodd ("Plaintiff") seeks judicial review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on March 26, 2018, recommending that the Commissioner's decision be affirmed. (ECF No. 21). Plaintiff filed objections to the Report ("Objections") on May 8, 2018 (ECF No. 29), and the Commissioner filed her Reply on May 15, 2018. (ECF No. 31.) The Court has reviewed Plaintiff's Objections, but, in light of the record, finds them to be without merit. Therefore, the Court adopts the Report of the Magistrate Judge and affirms the decision of the Commissioner, as further explained below.

I.  FACTUAL AND PROCEDURAL BACKGROUND

1

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff filed an application for DIB benefits on August 19, 2013. Plaintiff alleges a disability onset date of October 31, 2012. (Tr. at 23.) The application was denied initially and upon reconsideration by the Social Security Administration. (Tr. at 23.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on May 8, 2014. (Tr. at 23.) The ALJ heard testimony before Plaintiff and an impartial vocational expert, Benson Hecker, at a hearing on December 4, 2015. (Tr. at 23.) On February 3, 2016, the ALJ issued a ruling and found that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. at 20-33.) The Social Security Appeals Council denied Plaintiff's request for review on February 1, 2017 (Tr. at 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on March 13, 2017. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 21 at 30.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by

the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

In the Report, the Magistrate Judge considered Plaintiff's argument that the ALJ erred in his assessment of the Residual Functional Capacity ("RFC") by (1) failing to properly consider the medical evidence and opinions regarding her physical and mental limitations; (2) failing to properly consider the effects of her medications; (3) failing to properly evaluate her subjective complaints; and (4) failing to consider the combined effect of her impairments. (ECF No. 21 at 18.) Specifically, the Magistrate Judge considered Plaintiff's claim that the RFC assessment is contradicted by treating pain specialist Dr. Clara Gulyas, treating rheumatologist Dr. Holly Bastian and the ALJ's consideration of these physicians' treatment notes and findings. (ECF No. 21 at 21.) The Magistrate Judge also reviewed the ALJ's findings concerning Plaintiff's mental impairments and the ALJ's assessment of the pertinent psychological opinion evidence in the record, which were addressed in the RFC assessment. (ECF No. 21 at 22-24.) The Magistrate Judge also noted the ALJ's statement that he gave great weight to the opinion of treating physician Dr. Hubert White, but also incorporated mental limitations in the RFC assessment that exceeded those described by Dr. White, based upon Plaintiff's testimony and other limitations set forth by Dr. Joseph Hammond who provided a consulting assessment for the Social Security Administration. (ECF No. 21 at 24.)

The Magistrate Judge reviewed the ALJ's specific discussion concerning the potential effects of Plaintiff's narcotic medications, and the record evidence supporting same. (ECF No. 21 at 24-25.) The Magistrate Judge also considered Plaintiff's argument that her own testimony

did not support the RFC assessment, ultimately finding no error in the ALJ's analysis in view of the record and applicable law. (ECF No. 21 at 25-28.) Finally, the Magistrate Judge considered Plaintiff's contention that the ALJ failed to consider her impairments in combination, also finding no error in the ALJ's assessment of same. (ECF No. 21 at 29-30.) The Magistrate Judge thus recommended that the Commissioner's decision be affirmed, as it was based on substantial evidence and free from error. (ECF No. 21 at 30.)

### III. PARTIES' RESPONSE

Plaintiff filed brief Objections to the Report on May 8, 2018. (ECF No. 29.) It appears that Plaintiff makes two general Objections. First, Plaintiff contends that the Magistrate Judge failed to consider evidence of Plaintiff's depression and anxiety, including Dr. Hammond's consulting psychological evaluation, as well as the vocational expert's testimony that there were no jobs Plaintiff could perform if she was mentally off-task for fifteen percent of an eight-hour work day due to depression, pain and side-effects of medication. (ECF No. 29 at 1, 3.) Second, Plaintiff claims that the Magistrate Judge failed to adequately consider the impact of Plaintiff's pain on her mental functional abilities. (ECF No. 29 at 2.) Plaintiff thus challenges the Magistrate Judge's affirmance of the ALJ's finding that pain did not significantly interfere with Plaintiff's mental functional capacity. (ECF No. 29 at 2.) Plaintiff declares there is no support for the ALJ's determination that Plaintiff only has moderate difficulties in maintaining concentration, persistence or pace. (ECF No. 29 at 2.)

The Commissioner filed a response to Plaintiff's Objections, requesting this Court affirm the final administrative decision by adopting the Report. (ECF No. 31.) The Commissioner highlights that the Magistrate Judge appropriately considered the ALJ's discussion of the RFC assessment, which took into account Plaintiff's specific physical and mental limitations as

evidenced by the record, as well as her subjective reports of pain and use of medications. (ECF No. 31 at 2-3.) The Commissioner argues that Plaintiff has pointed to no error in the Magistrate Judge's analysis and instead simply reargues points made in prior briefing to the Court. (ECF No. 31 at 3.)

IV. DISCUSSION OF THE LAW

A. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the

Commissioner's findings of fact are not binding if they were based upon the application of an improper standard or misapplication of the law. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater,* 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)).

**B.     ANALYSIS AND DISCUSSION**

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see Woods v. Berryhill*, 888 F.3d 686, 689 (4th Cir. 2018). It is Plaintiff's duty both to produce evidence and prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)("The applicant bears the burden of production and proof during the first four steps of the inquiry."). Nevertheless, the ALJ is to develop the record and where he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

Here, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis and allied disorders; obesity; fibromyalgia; chronic obstructive pulmonary disease ("COPD"); and affective disorder, all of which were deemed medically severe impairments. (Tr. at 25.) The ALJ noted the lack of evidence in the record of treatment for anxiety. (Tr. at 25.) He noted that the severity of Plaintiff's mental impairment of depression, considered singly and in combination, failed to meet or medically equal the criteria of Listing 12.04 (Affective Disorders). He did, however, take Plaintiff's mental function and impairment into account in conducting the RFC assessment. (Tr. at 26-27.) Specifically, the ALJ found that "due to her depression, the claimant is limited to simple, routine tasks and simple work-related decisions, only occasional interaction with supervisors and co-workers; and no interaction with the general public." (Tr. at 31.) He also found that "due to her mental impairment, the claimant would have mild restriction of activities of daily living, she would have moderate difficulties in maintaining social functioning, [s]he would have moderate difficulties maintaining concentration, persistence or pace performing detailed tasks but mild difficulties performing simple tasks…" (Tr. at 31.)

In sum, the ALJ stated that he had not only considered and given great weight to the treating source statement that Plaintiff's depression causes only slight work-related limitations, but also, as the Magistrate Judge pointed out, "incorporated mental limitations in the RFC assessment that exceeded those described by Dr. White based on the plaintiff's testimony and the limitations set out by Dr. Hammond." (ECF No. 21 at 24.) The ALJ indicated that Dr. Hammond's consultative report was "given great weight, as he does have program knowledge and his opinion is consistent with the record as a whole." (Tr. at 31, 332-335.) The ALJ also gave attention to the vocational expert's testimony, including testimony that Plaintiff would be

able capable of returning to her past relevant work as a packer based on the RFC. (Tr. at 32, 60-65.)

Additionally, in response to Plaintiff's Objection, it is clear to this Court that the Magistrate Judge gave proper consideration to the impact Plaintiff's severe pain had upon her mental functional abilities. (ECF No. 29 at 2.) These issues were set forth by the Magistrate Judge throughout the Report, whereby the Magistrate Judge detailed the ALJ's consideration of Plaintiff's medication and reported side effects based on the record evidence. (ECF No. 21 at 22, 24-25).

The Magistrate Judge thoroughly outlined the ALJ's discussion and analysis of Plaintiff's RFC assessment, Plaintiff's mental limitations and her subjective reports of symptoms such as pain and use of medications. The Court ultimately agrees with the Magistrate Judge that the ALJ's RFC analysis complies with Social Security Ruling 96-8p, which requires an ALJ's RFC assessment to include a narrative discussion describing and citing the evidence that supports the ALJ's conclusions. *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Plaintiff's objections fail to point to any legal or factual error in the Magistrate Judge's report. After careful consideration, the Court overrules Plaintiff's Objections, which are largely repetitious of arguments previously made before the Court.

The ALJ was tasked with weighing the conflicting evidence and the opinions of all medical sources. 20 C.F.R. § 404.1527(b)(evaluating opinion evidence for claims filed before March 27, 2017); *see Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 255 (4th Cir. 2017). Ultimately, it is the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function

to substitute [its] judgment for that of [the Commissioner] if his decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Of course, "judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator," but here, the ALJ set forth an adequate explanation of the RFC analysis and the basis for the conclusion that Plaintiff is capable of performing past relevant work as a packer which does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. at 32.) *See DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983); *see also Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). After undertaking a *de novo* review, the Court agrees with the Magistrate Judge that there is substantial evidence in the entire record that supports the ALJ's decision.

## V.  CONCLUSION

For the reasons set forth above, the Court finds there is substantial evidence to support the ALJ's conclusion Plaintiff was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error. Further, the determination is reasonable. Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's Objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Commissioner's final decision denying Plaintiff's claims is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

August 8, 2018

Greenville, South Carolina